# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC NEUROSURGICAL SPECIALISTS and ATLANTIC SHORE SURGICAL ASSOCS., PC, <br><br> Plaintiffs, <br><br> v. <br><br> ANTHEM, INC., d/b/a Anthem Blue Cross Blue Shield, f/k/a WellPoint, Inc.; ANTHEM INS. COS., INC., d/b/a Anthem Blue Cross Blue Shield; ANTHEM LIFE INS. d/b/a Anthem Blue Cross and Blue Shield; ANTHEM BLUE CROSS LIFE & HEALTH INC. CO.; BLUE CROSS OF CALIFORNIA, d/b/a Anthem Blue Cross; COMMUNITY INS. CO., d/b/a Anthem Blue Cross Blue Shield; ANTHEM HEALTH PLANS OF VIRGINIA, INC., d/b/a Anthem Blue Cross and Blue Shield; ANTHEM UM SERVS., INC., d/b/a Anthem Blue Cross and Blue Shield; HIGHMARK BLUE CROSS BLUE SHIELD DELAWARE, a/k/a Highmark Health Ins. Co.; SECURITAS SECURITY SERVS. USA, INC.; VERIZON, INC., a/k/a Verizon Benefits Admin., Inc., a/k/a Verizon N.J. Inc.; SKANSKA USA INC.; SKANSKA USA BLDG. INC.; SIGNET FIN. MGNT., LLC; CAMP SIX, INC.; *et al.*, <br><br> Defendants. | Civ. No. 21-20052 (KM) (CLW) <br><br> **OPINION** |

1

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiffs are out-of-network or non-participating medical providers who seek reimbursement for services provided to patients insured by defendants. (Compl. ¶ 2-6.) Plaintiffs filed this case in the Superior Court of New Jersey, Law Division, Morris County on October 18, 2021, and defendant Skanska timely filed a notice of removal to this court. (DE 1)

Now, plaintiffs move to remand this case to state court for a procedural defect, specifically a violation of the rule of unanimity, and for attorneys' fees and costs. (DE 20.)[1] Skanska cross-moves to sever the case against itself and have this court retain it. (DE 23.) For the reasons set forth below, the motion to remand is GRANTED, but the request for attorneys' fees is DENIED, and the cross-motion to sever is DENIED.

## I. Background

Plaintiffs seek reimbursement from defendant companies and health plans for allegedly pre-authorized services they performed on insureds as out-of-network providers. (Compl. ¶ 32-37.)

Plaintiff filed this matter in the Superior Court of New Jersey, Law Division, Morris County on October 18, 2021, and defendant Skanska timely removed the case to this court on November 17, 2021. (DE 1.) Skanska claimed in its notice of removal that it had obtained consent from several defendants to remove and that the remaining defendants had not yet been served. (DE 1 ¶ 17-19.) On December 9, 2021, plaintiffs moved to remand for procedural defect, arguing that all defendants who had been served had not consented to remand. (Mot. at 1-3.) Skanska conceded that the requirements of the rule of

---

[1] For ease of reference, certain key items from the record will be abbreviated as follows:

DE = Docket entry in this case

Compl. = State Court Complaint (DE 1, Ex. A)

Mot. = Plaintiffs' brief in support of their motion to remand (DE 20-3)

2

unanimity had not been met, but argued that it had been improperly joined under Federal Rule of Procedure 20(a) and thus should be severed from the other defendants, thus mooting the rule of unanimity. (DE 23 at 1-2.) Plaintiffs filed a reply brief opposing Skanska's motion to sever. (DE 24.) These motions are fully briefed and ripe for decision.

## II. Legal Standards

Removal of a suit from state to federal court is proper only if the federal court to which the action is removed would have had original jurisdiction over the matter. *Entrekin v. Fisher Scientific, Inc.*, 146 F. Supp. 2d 594, 603–04 (D.N.J. 2001) (citing 28 U.S.C. § 1441(a)–(b)). Remand is governed by 28 U.S.C. § 1447(c), which provides that a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). "When the propriety of the removal is challenged, the burden is on the defendant to show that removal is proper, and the Court is obligated to 'strictly construe the removal statutes against removal, and resolve any doubts in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Cases may be remanded under 28 U.S.C. § 1447(c) for a defect in the removal procedure. *See PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). Here, the alleged defect was failure to satisfy the "rule of unanimity." That rule derives from 28 U.S.C. § 1446(b)(2)(A), which states "When a civil action is removed solely under section 1441(a), *all* defendants who have been properly joined and served must join in or consent to the removal of the action." (emphasis added). The Third Circuit has interpreted this provision as requiring unanimous consent of all served defendants for removal. *Step Plan Servs., Inc. v. Koresko*, 219 F. App'x 249, 250 (3d Cir. 2007); *Lewis v. Rego*, 757 F.2d 66, 68 (3d Cir. 1985).

### III.   DISCUSSION

Skanska does not contest plaintiffs' assertion that it violated the rule of unanimity and did not obtain consent to removal from all defendants who had been served by plaintiffs. I therefore GRANT plaintiffs' motion to remand.

A remaining question is whether I should grant Skanska's claims of improper joinder under Federal Rule of Civil Procedure 20(a) and its related motion to sever Skanska from the other defendants under Federal Rule of Civil Procedure 21, which, according to Skanska, would permit this Court to retain the severed case against itself. I find that it is not appropriate for me to consider the motion to sever and therefore DENY it as moot in light of the properly granted remand. I also DENY plaintiffs' request for attorneys' fees.

Here, the motion to remand was filed before the motion to sever, but the order of filing is not critical. For example, where motions to dismiss were filed earlier than the motion to remand, courts in this district have held that remand is logically antecedent and should be decided first. *See Newton v. S. Jersey Paper Prod. Co., Inc.*, No. 119CV17289NLHKMW, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020) (citing *Chrustowski v. Cumberland Cnty. Guidance Ctr.*, 2006 WL 3780555, at *2 (D.N.J. Dec. 20, 2006)). When facing a nearly identical fact pattern related to improper removal that violated the rule of unanimity, the United States District Court for the Middle District of Pennsylvania held that after granting a motion to remand, it lacked jurisdiction to decide a motion to sever. *Parisi v. Pennsylvania Homeowners Def. Ass'n, Inc.*, No. 3:CV-05-1897, 2007 WL 9761374, at *2 (M.D. Pa. Apr. 19, 2007). I agree with the Middle District of Pennsylvania's interpretation. Because I have decided to grant plaintiffs' uncontested motion to remand, I no longer possess jurisdiction to decide Skanska's motion to sever and therefore DENY it as moot, necessarily without prejudice to further proceedings in the Superior Court of New Jersey.

Finally, 28 U.S.C. § 1447(c) grants to me discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a

result of the removal." Plaintiffs argue that this "shambolic" removal was a delaying tactic that was defective on its face. (Mot. at 29.) Although it is a close issue, I find that this removal, though rendered procedurally improper by the failure of other defendants to join in, was not sufficiently egregious as to warrant the payment of plaintiffs' attorneys' fees. I therefore deny plaintiffs' fee request.

## IV.   Conclusion

For the reasons set forth above, the motion to remand (DE 20) is GRANTED, but plaintiff's request for attorneys' fees is DENIED. Skanska's motion to sever is DENIED as moot. A separate order will issue.

Dated: August 11, 2022

/s/ Kevin McNulty

---

**Kevin McNulty**
**United States District Judge**